UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-1511 FMO (AJRx)** | Date | **January 22, 2026** |
|---|---|---|---|
| Title | **Ricardo Estrada Castillo v. Varinder Singh, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:       (In Chambers) Order Re: Remanding Action**

On February 21, 2025, this action was removed to this court pursuant to 28 U.S.C. § 1441. (See Dkt. 1, Notice of Removal).  On January 9, 2026, the court issued an Order to Show Cause directing the parties to each file a Memorandum Re: Jurisdiction addressing the citizenship of Horizon Royal Carrier Transport, LLC.  (Dkt. 43, Court's Order of January 9, 2026 ("OSC")). Having reviewed the parties memoranda, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-1511 FMO (AJRx)** | Date | **January 22, 2026** |
|---|---|---|---|
| Title | **Ricardo Estrada Castillo v. Varinder Singh, et al.** | | |

each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. §
1332(a).[1]  Here, in response to the OSC, Horizon Royal Carrier Transport, LLC merely stated that
it is registered in the State of Washington and that its principal place of business is in that same
state, (see Dkt. 45, Defendants' Memorandum Re: Jurisdiction at 5), apparently relying on the
standard applicable to corporations.  However, representations regarding Horizon Royal Carrier
Transport, LLC's state of organization and its principal place of business are irrelevant to the
determination of Horizon Royal Carrier Transport, LLC's citizenship.  See Buschman v. Anesthesia
Bus. Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014) ("An LLC's principal place of
business [or] state of organization is irrelevant" for purposes of diversity jurisdiction); Tele
Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC, 2013
WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of
business is irrelevant for purposes of diversity jurisdiction.").  This is because LLCs are treated like
partnerships rather than corporations for the purpose of determining citizenship, and are deemed
"a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props.
Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P.,
541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or
foreign country of which any of its partners is a citizen.").  As such, "[t]here is no such thing as 'a
[state name] limited partnership' for purposes of . . . diversity jurisdiction.  There are only partners,
each of which has one or more citizenships."  Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir.
2003) (internal quotation marks omitted).  Despite being an LLC, Horizon Royal Carrier Transport,
LLC, failed to identify its membership and the citizenship of each respective member.  (See,
generally, Dkt. 45, Defendants' Memorandum Re: Jurisdiction).  In short, it has failed to establish
the existence of diversity jurisdiction.  See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings,
Inc., 414 F.Appx. 62, 65 (9th Cir. 2011) (holding that an allegation that no member of a defendant
LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members
or whether the members were composed of another layer of business entities, was insufficient to
establish complete diversity); Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024)
(remanding action where LLC defendant "fail[ed] to specifically identify [its] member's members
and allege each one's citizenship").  Because Horizon Royal Carrier Transport, LLC has not met
its burden to show the existence of complete diversity, the court must presume jurisdiction is
lacking.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt
as to the right of removal in the first instance.")

          **This order is not intended for publication. Nor is it intended to be included in or
submitted to any online service such as Westlaw or Lexis.**

          Based on the foregoing, IT IS ORDERED THAT:

---

[1]  In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction
"where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . .
citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28
U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-1511 FMO (AJRx)** | Date | **January 22, 2026** |
|---|---|---|---|
| Title | **Ricardo Estrada Castillo v. Varinder Singh, et al.** | | |

1.  The above-referenced action shall be **remanded** to the Los Angeles County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  All pending motions are **denied as moot**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |